UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PATRICK L. THOMAS,

    Plaintiff,

v.                                            Case No. 3:14cv187/MCR/CJK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and NORTHERN DISTRICT OF FLORIDA LOCAL RULES 72.1(A), 72.2(D), and 72.3, relating to review of administrative determinations under the Social Security Act ("Act") and related statutes, 42 U.S.C. §§ 401-1400v. The case is now before the court pursuant to 42 U.S.C. § 405(g) for review of a final determination of the Commissioner of Social Security ("Commissioner") denying the claimant's application for Supplemental Security Income ("SSI") under Title II of the Act, 42 U.S.C. §§ 401-34.

    The plaintiff in this case, Patrick L. Thomas, is proceeding *pro se* and *in forma pauperis*. The undersigned utilizes a briefing order tailored to unrepresented, as well as represented, claimants. In such an order entered on October 6, 2014 (doc. 19), the undersigned advised the parties that because the plaintiff has the burden of proof to demonstrate that the defendant's decision was incorrect, plaintiff was required to file

the first memorandum. The undersigned further advised that failure of a plaintiff, including an unrepresented plaintiff, to file a memorandum specifically addressing the claimed error would be deemed a failure to prosecute and would result in dismissal of the case with prejudice. The undersigned explained that plaintiff's memorandum should specifically identify each issue advanced, set out the factual and medical matters relevant to the issues argued, cite the record for factual contentions, and clearly and concisely set out plaintiff's legal contentions with appropriate citation of authority. The undersigned also explained that the court would consider only those errors specifically identified in plaintiff's brief and that a general allegation that the ALJ's findings are unsupported by substantial evidence is insufficient. The undersigned cautioned plaintiff that he should explain how each alleged error has prejudiced him and identify the relief sought, with citation to authority when appropriate.

Plaintiff's memorandum wholly fails to comply with the undersigned's order. Indeed, plaintiff's memorandum consists of just over one handwritten page on which plaintiff cites 42 U.S.C. §§ 416(1), 423, 1381, and 1382 as statutes providing for the payment of social security benefits and defining "disabled." Plaintiff then alleges that the ALJ erred in rendering a decision that was not supported by substantial evidence and contains errors of law and that the Appeals Council erred in declining to review the ALJ's decision. Plaintiff does not specify the findings of the ALJ he contends are not supported by substantial evidence or the alleged errors of law. The filing patently fails to comply with an order of the court, warranting dismissal for failure to prosecute. Moreover, however, plaintiff has failed to demonstrate that the

Case No. 3:14cv187/MCR/CJK

Page 3 of 4

Commissioner's decision, or any part thereof, was not based on substantial evidence or contained errors of law. The court in a civil case does conduct an *Anders* type review, as in criminal matters; to do so would make a mockery of the decision making process. Given the nature of appellate review of a final administrative decision, such a process would be virtually impossible, even were it countenanced. Here, the court cannot divine any argument raised by plaintiff. In her responsive memorandum, the Commissioner fairly observes that because no argument has been advanced, she has no way to respond.

The court, as developed in our long tradition of rule by law, serves as an arbiter, not an advocate. Long ago, a federal court sitting in the Territory of Florida noted that a judge may not act as a "knight errant in defense of the rights and interests of the commercial world, or travel out of his appropriate sphere, and go on a voyage of philanthropy, to seek for wrongs and injuries to be redressed. . ." *The North America,* 18 F. Cas. 333, 338 (D. C. Fla. December 13, 1842). Because no argument before the court shows, or even suggests, a decision not supported by substantial evidence or based upon an incorrect application of the law, the court must affirm.

ACCORDINGLY, it is RECOMMENDED:

1. The decision of the defendant Commissioner be AFFIRMED and plaintiff's application for SSI benefits be DENIED.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 8th day of April, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:14cv187/MCR/CJK

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

Case No. 3:14cv187/MCR/CJK